In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00177-CR


______________________________




PAUL DON EDWARDS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33833-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 After the trial court denied his motion to suppress evidence, Paul Don Edwards waived his
right to a jury trial, pleaded guilty to the charge of possession of cocaine with intent to deliver, (1) and
submitted the issue of punishment to the trial court. The trial court sentenced Edwards to fifty years'
imprisonment. Edwards now appeals the trial court's denial of his motion to suppress. For the
reasons stated below, we affirm the trial court's judgment.

I. Appellate Standard of Review

 The Fourth Amendment prohibits the government and its agents from searching a person or
that person's belongings without lawful justification. See generally Terry v. Ohio, 392 U.S. 1 (1968). 
One exception to the Fourth Amendment's prohibition against unreasonable searches and seizures
is when the person who is searched (or the person who owns or controls the property that was
searched) provides the government with consent to conduct the search. See Schneckloth v.
Bustamonte, 412 U.S. 218, 219 (1973); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000). 

 A trial court's ruling on a motion to suppress evidence is reviewed under a bifurcated
standard. Almost total deference is accorded to the trial court's determination of historical facts and
witness credibility. That court's application of law to fact, however, is reviewed de novo. Gouldsby
v. State, 202 S.W.3d 329, 334-35 (Tex. App.--Texarkana 2006, pet. ref'd). In this case, the trial
court made no oral findings during the suppression hearing regarding the credibility of witnesses. 

II. Evidence Received by the Trial Court and Analysis of Issue Presented

 At the hearing on Edwards' motion to suppress evidence, the only witness who testified was
Officer Lanie Smith of the Longview Police Department. Smith testified he was working the
midnight shift May 18, 2005. Around 1:00 a.m., the officer stopped a vehicle, the driver of which
had failed to signal a left turn and had been driving without using the headlights. See Tex. Transp.
Code Ann. §§ 545.104(a), (b) (use of turn signals), 547.302(a)(1) (Vernon 1999) (duty to display
lights at night). As Smith and his partner, Officer Paul Hickey, approached, the driver (later
identified as Edwards) made a statement to the officers before the officers asked any questions; the
substance of this statement was an acknowledgment that the driver knew he was in a known drug
area and that he had arrived at a known drug house. The officers issued Edwards a citation for the
observed traffic offenses, returned Edwards' license and proof of insurance to him, and then asked
Edwards for consent to search his vehicle. According to Smith, Edwards did consent to a vehicular
search. The officer also testified that he did not use threats or coercion as a means of securing
Edwards' consent. 

 During the search, officers found a package of suspected crack cocaine inside the vehicle near
the driver's seat. Smith then arrested Edwards and searched him in connection with that arrest. In
Edwards' left front pocket, Smith found a baggie containing crack cocaine. 

 At issue on appeal is whether the officers unlawfully extended the duration of the detention
after they had returned Edwards' license and proof of insurance to him. Officers may not use a
routine traffic stop as a fishing expedition for unrelated criminal activity. Ohio v. Robinette, 519
U.S. 33, 41 (1996); Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). Instead, the traffic
stop must "be temporary and last no longer than is necessary to effectuate the purpose of the stop." 
Florida v. Royer, 460 U.S. 491, 500 (1983). If, however, the officer develops a reasonable suspicion
(supported by articulable facts) to believe that another offense has been or is being committed, the
officer may continue that detention to confirm or dispel this additional suspicion. Davis, 947 S.W.2d
at 245.

 On appeal, both the State and Edwards appear to agree that the purpose of the initial traffic
stop had been satisfied once Smith handed Edwards back the latter's license and proof of insurance. 
The question then becomes whether Officer Smith testified to specific, articulable facts that would
support Edwards' continued detention for a sufficient period of time during which Smith could seek
consent to search.

 In this case, the trial court heard evidence that Edwards initially told police that he knew he
was in a known drug trafficking area and visiting a known drug house. Smith testified that it is
common for drug dealers or buyers to signal other buyers or sellers that they wish to make a
narcotics transaction by blacking out their vehicle's headlights before arriving at the known drug
house. Smith also characterized Edwards' behavior during the encounter as "nervous." 

 We believe the trial court had before it evidence that would support the conclusion that
Smith's continued one- or two-second detention of Edwards after the officer returned Edwards'
license and proof of insurance was supported by reasonable suspicion that Edwards was engaged in,
had engaged in, or was about to be engaged in criminal activity. It was during the brief few
additional seconds beyond the conclusion of the traffic stop that Smith sought and obtained Edwards'
consent to search the vehicle.

 Moreover, the trial court had before it evidence that would support the conclusion that
Edwards' consent was voluntarily given. The officer testified that it was but one or two seconds after
he had returned Edwards' driver's license and proof of insurance that he asked for consent. Smith
also stated that he had made the request in such a way as to convey to Edwards that the latter had the
right to refuse to give consent. More specifically, Smith testified,

 And I believe the same thing, that okay, once I give a pause, then I can come
back and ask them, "Hey, you don't mind if I talk to you a little longer or search your
vehicle?"

 I believe any person, reasonable person at that point believes that they do
have a choice. And I inform them at that time if it's on -- if it's, "Can I have consent
to search your vehicle," and they give me verbal consent, I also have to let them
know, "You know, at any point in time you can stop us from searching your vehicle
at this point."


This latter testimony, if found credible, would support the conclusion that Smith made known to
Edwards that he had the right to refuse consent, yet Edwards nonetheless gave his consent
voluntarily. 

 As such, we cannot say the record before us demonstrates that the trial court erred by denying
Edwards' motion to suppress. The one- or two-second extension of the initial traffic stop was
supported by reasonable suspicion that criminal activity was afoot, and the record before us supports
the trial court's conclusion that Edwards voluntarily consented to a police search of his vehicle.

III. Conclusion

 For the reasons stated, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: February 22, 2007

Date Decided: March 7, 2007


Do Not Publish
1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). That offense is a first-degree felony if the amount possessed is greater than four grams but less than 200 grams. Id.